The PEOPLE of the State of Colorado, Complainant,

v.

Eugene F. COSTELLO, Attorney–Respondent.

No. 89SA373.

Supreme Court of Colorado, En Banc.

Oct. 16, 1989.

Haddon, Morgan & Foreman, P.C., Harold A. Haddon, Denver, for attorney-respondent.

Justice VOLLACK delivered the Opinion of the Court.

In this disciplinary proceeding respondent Eugene F. Costello, who is represented by counsel, and the People entered into a Stipulation, Agreement, and Conditional Admission of Misconduct (stipulation) on August 23, 1989. An inquiry panel of the Grievance Committee approved the stipulation on September 16, 1989, and referred the matter to this court. We placed respondent under immediate suspension on August 25, 1989. We approve the stipulation and order that respondent be disbarred and that he be required to pay restitution.

---

## I.

Respondent Eugene Costello was admitted to the bar of this court on September 29, 1954, and is therefore subject to the jurisdiction of this court and its Grievance Committee.

## II.

The stipulation in this matter detailed four counts of misconduct by respondent. Respondent admitted the allegations contained in the four counts on the condition that the inquiry panel and this court accept the stipulation.

Count one of the stipulation states that in approximately 1983 respondent served as the personal representative of the Estate of Alta Collier. At the same time respondent was a shareholder in, and the secretary of, a publicly traded corporation. The corporation was involved in litigation and needed to post an appeal bond in order to avoid execution on a judgment. Respondent withdrew $152,000 from the Collier estate to post the bond.

When the corporation lost its appeal it lacked the funds to repay the Collier estate, so respondent withdrew funds from two other estates, the Estate of John Hughes and the Estate of Edna Lowe, to repay the Collier estate. Respondent presently owes approximately $125,000 to the Hughes Estate and $100,000 to the Lowe Estate.

Count two of the stipulation states that from approximately 1986 to 1987 respondent converted funds from four estates while serving as personal representative for them. The stipulation identifies the Estate of John Williams, the Estate of Verna Hankins, and the Estate of Kurt Von Kaulla as estates from which respondent converted funds. Respondent has repaid most of the money to the Hankins Estate, but respondent still owes approximately $230,000 to the Williams and Von Kaulla estates.

Count three of the stipulation states that in 1988 and 1989, respondent converted $32,000 of settlement proceeds placed into his trust fund account for the benefit of two of his clients, Mrs. Orrell Newstrom and Mrs. Virginia Razee. Respondent has not repaid Mrs. Newstrom or Mrs. Razee.

Count four of the stipulation states that while respondent was serving as the President of the Laradon Endowment Foundation, respondent transferred $300,000 of foundation funds into his trust account and converted those funds. The board of directors of the foundation did not approve this transfer of funds, and respondent has not repaid the foundation.

Respondent admits that the conduct described in the four counts of the stipulation violated Rule 241.6(1), (3), and (5)[1] of the Colorado Supreme Court Rules concerning discipline of attorneys, as well as DR 1-102(A)(1) and (3)-(6),[2] DR 7-101(A)(1),[3] and

---

1. **Rule 241.6. Grounds for Discipline**

Misconduct by a lawyer, individually or in concert with others, including the following acts or omissions, shall constitute grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship:

(1) Any act or omission which violates the provisions of the Code of Professional Responsibility;

. . . .

(3) Any act or omission which violates the highest standards of honesty, justice, or morality;

. . . .

(5) Any act or omission which violates the criminal laws of this state or any other state, or of the United States; provided that conviction thereof in a criminal proceeding shall not be a prerequisite to the institution of disciplinary proceedings, and provided further that

acquittal in a criminal proceeding shall not necessarily bar disciplinary action[.]
7A C.R.S. (1988 Supp.).

2. **DR 1-102. Misconduct.**

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

. . . .

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.
7A C.R.S. (1977).

3. **DR 7-101 Representing a Client Zealously.**

(A) A lawyer shall not intentionally:

(1) Fail to seek the lawful objectives of his client through reasonably available means

DR 9–102(B)(4).[4]

Respondent does not have a record of prior misconduct.

## III.

In the stipulation, respondent agrees to "an order of restitution requiring him to make whole any and all clients injured by respondent's conversion of funds." The stipulation contains respondent's consent to his disbarment. We approve the stipulation and its disciplinary recommendations.

Respondent's decision to accept disbarment is consistent with Section 4.11 of the *ABA Standards for Imposing Lawyer Sanctions* (1986), which provides that: "Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." We have previously held that "[m]isuse of funds by a lawyer strikes at the heart of the legal profession by destroying public confidence in lawyers," and that "[t]he most severe punishment is required when a lawyer disregards his professional obligations and converts his clients' funds to his own use." *People v. Buckles*, 673 P.2d 1008, 1012 (Colo.1984).

We order that the respondent, Eugene Costello, be disbarred and that his name be stricken from the roll of lawyers authorized to practice before this court. Respondent is further ordered to pay restitution and interest pursuant to section 5–12–106(2), 2 C.R.S. (1988 Supp.), and section 13–21–101(3), 6A C.R.S. (1987), from the date of conversion.

permitted by law and the Disciplinary Rules, except as provided by DR 7–101(B).... 7A C.R.S. (1977).

**4. DR 9–102. Preserving Identity of Funds and Property of a Client.**

. . . .

(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive. 7A C.R.S. (1977).